[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff, Groton Board of Education (Board), appeals the decision of the defendant Gerald Tirozzi, Commissioner of Education (Commissioner), in which the Commissioner found that four specific administrative positions in the Groton public school system are properly included in the bargaining unit represented by the defendant Association of Groton Administrators (Association) and that the collective bargaining agreement between the Board and the Association improperly excluded them. The Commissioner's decision was issued pursuant to the Teacher Negotiation Act (Act), General Statutes 10-153a
et seq. This appeal is brought pursuant to General Statutes10-153c(b) and 4-183. The court rules in favor of the defendants.
The Board and the Association are signatories to a collective bargaining agreement dated July 1, 1990 through June 30, 1993 (Agreement). The Agreement contains a recognition clause which reads:
 The Board hereby recognizes the Association as the exclusive representative for the purposes of collective bargaining pursuant to the Connecticut General Statutes 10-153a et seq., as amended, for all certified professional employees employed by the Board in positions described in Connecticut General Statutes 10-153b(a)(1), as amended, except those individuals employed in administrative positions in the central office.
General Statutes 10-153b(a)(1) provides, in relevant part, as follows:
 (a) Whenever used in this section or in sections 10-153c to 10-153n inclusive: (1) The "administrators' unit" means the certified professional employee or employees in a school district not excluded from the purview of sections 10-153a to 10-153n, inclusive, employed in positions requiring an intermediate administrator or supervisor certificate, or the equivalent thereof, and whose administrative or supervisory duties, for purposes of determining membership in the administrators' unit, shall equal at least fifty per cent of the assigned time of such employee . . . .
General Statutes 10-153b(b) then excludes from the purview CT Page 1754 of section 10-153b through 10-153n certain employees, as follows:
 (b) The superintendent of schools, assistant superintendents, certified professional employees who act for the board of education in negotiations with certified professional personnel or are directly responsible to the board of education for personnel relations or budget preparation, temporary substitutes and all noncertified employees of the board of education are excluded from the purview of this section and sections 10-153c to 10-153n, inclusive.
Pursuant to 10-153c(b), the Association filed a petition for unit clarification with the Commissioner dated October 29, 1990. In its petition, the Association proposed that "the unit be clarified and/or modified by the addition of `those individuals employed in administrative positions in the central office,' to wit: Director of Pupil Personnel, Director of Personnel, Associate Director of Curriculum, Chapter One and Grants Administrator, Director of Media Services, and Director of Buildings and Grounds." In other words, the Association sought to have the Commissioner add to the administrators' unit those positions which the Act included but which had been excluded by the contract.
On April 18, 1991, following the required hearing, notice of the findings and final decision of the Commissioner were mailed to the parties. The Commissioner concluded that under the Act, parties may not negotiate to exclude positions from the administrators' unit because the contours of that unit are determined strictly by the provisions of the Act itself. Based on job descriptions, which are part of the evidence in the record, he further concluded that the positions of Director of Pupil Personnel, Associate Director of Curriculum, Chapter One Grants administrator, and Director of Media Services in the Groton Public School System are included within the purview of the Act and that the positions of Director of Personnel and Director of Buildings and Grounds in the Groton Public School System are excluded.
Aggrievement is established if there is a possibility, as distinguished from a certainty, that some legally protected interest has been adversely affected. State Medical Society v. Board of Examiners in Podiatry, 203 Conn. 295, 300, 524 A.2d 636
(1987). The court finds that there is a possibility that the Commissioner's decision adversely affects a specific, personal and legal interest of the Board, namely its rights under the negotiated Agreement and its statutory duty to negotiate in good CT Page 1755 faith with the exclusive representative of an "appropriate unit." The court concludes, therefore, that the Board is aggrieved by that decision within the meaning of General Statutes 4-183.
While the complaint as revised lists several grounds in support of plaintiff's request for reversal of the Commissioner's decision, including a violation of the Constitution of the State of Connecticut, issues not briefed are deemed abandoned. Curry v. Planning Zoning Commission,34 Conn. Sup. 52, 54, 376 A.2d 79 (C.P. 1977).
In its brief, the Board first argues that General Statutes10-153b(b) allows for exclusions from the bargaining unit other than those specifically stated therein and that those other exclusions are properly the subject of bargaining and are properly set forth in a recognition clause. The Board admits that an attempt to include a position in the administrators' unit that does not meet the eligibility requirements of 10-1531b(b) would constitute an illegal subject of bargaining. It argues, however, that the exclusion of a position which would otherwise be eligible for inclusion in the administrators' unit constitutes a legitimate exercise of the bargaining rights of the parties. The Board concedes that if the parties may not bargain for exclusions in addition to those set forth in10-153b(b), the four positions must be included in the administrators' unit.
In support of its position, the Board argues that the Commissioner's decision runs counter to the case law developed by the State Board of Labor Relations (SBLR) to the effect that negotiations concerning the contours of a bargaining unit are permissive and that where an agreement has been reached between the parties, the "contract bar" rule must be imposed to prevent either clarification or recognition petitions which would conflict with the agreement. The Board also argues that the Commissioner has misinterpreted or misapplied his own prior decisions.
The Board's principal contention is that the Act should be read to permit the parties to a collective bargaining agreement to exclude positions from the administrators' bargaining unit even though the Act would otherwise require their inclusion. The Board offers no statutory or case law authority for that contention. Furthermore, as a general proposition, it conflicts with the decision of our supreme court in Connecticut State Board of Labor Relations v. Board of Education, 177 Conn. 68
(1979). In that case, the court held that the Teacher Negotiation Act "is a labor relations act; that labor relations acts are remedial enactments and as such should be literally CT Page 1756 construed in order to accomplish their objectives; and in furtherance of this principle, exceptions and exclusions are to be strictly construed." Id. 74. The Act "provides for the establishment of two different bargaining units, i.e., an administrators' unit and a teachers' unit, and . . . the duty to bargain collectively applies to both such units. General Statutes 10-153b(a)(1) and 10-153b(a)(2)." Id. 71.
As indicated, the plaintiff Board also argues that the Commissioner's decision is not in accord with decisions of the SBLR and that labor laws such as this Act, the Municipal Employee Relations Act (MERA), and the National Labor Relations Act (NLRA) should be interpreted so as to develop a consistent body of law. The Board claims that under the MERA or the NLRA, the "contract bar" rule would prevent any expansion in the contours of the administrators' bargaining unit during the term of the collective bargaining agreement.
However, the Commissioner's decision is not in conflict with the decisions of the SBLR cited by the Board. In East Hartford Board of Education, Dec. No. 1980 (1981), the SBLR, applying the MERA, held that "the parties are bound by the terms (including the recognition clause) of an existing contract unless they can make a showing (1) that would relieve them of the obligation of the provision under prevailing legal or equitable principles, or (2) that would reveal a conflict between a contractual provision and the policies of the Act, or (3) that would indicate a change of circumstances which would render the contract provision substantially less compatible with the policies of the Act than it was initially." Id. (emphasis added). In addition, citing 10-153b(a)(1) and (a)(2), the SBLR acknowledged that the "legislature has found that in some respects the contours of bargaining units should be definitely fixed in order to promote some policy served by the Act." Id. 4. In the instant case, or course, the Commissioner agreed that the administrators' unit was to be determined by statute and found, therefore, that the recognition clause was in conflict with the policies of the Act.
The plaintiff also argues that the Commissioner has misinterpreted or misapplied his own prior decisions. In Westport Board of Education, DR 86-1 (May 2, 1986), cited by the plaintiff, the Commissioner decided a petition for declaratory ruling as to whether the position of System Wide Curriculum Coordinator in the Westport Public School System should be excluded from the purview of the TNA. The agreement between the parties contained a recognition clause which excluded from the administrators' unit "the Superintendent's staff." It was undisputed that the Coordinator satisfied the criteria for membership in the administrators' unit. The Commissioner CT Page 1757 concluded that "[t]herefore, unless the position . . . is excluded from the purview of the Act, the incumbent of said position would be included in the administrators' unit." The Commissioner stated that "[e]xclusions are expressly articulated in and limited by the Act." (emphasis added). Analyzing the duties then performed by the Coordinator, the Commissioner concluded that exclusion was warranted because the Coordinator was a "certified professional" employee who "act[s] for the board . . . in negotiations with certified professional personnel" within the meaning of 10-153b(b). Thus, the Commissioner found that exclusion of the Coordinator was warranted not because of the recognition clause, but because of the duties performed by the Coordinator. The Commissioner expressly stated that agreed upon exclusions are proper only if they comport with statutory criteria. The Commissioner's decision in the instant case is, therefore, consistent with his decision in the Westport Board of Education case. See also Milford Education Association, UC-86-1. The plaintiff's argument regarding the Commissioner's prior decisions, therefore, may not be sustained.
The Board also argues that no policy goal or educational interest is served by preventing the parties from determining, by agreement, membership in the bargaining unit. However, this court agrees with the conclusion of the Commissioner that the strict construction of 10-153b(a)(1) avoids disenfranchising those whom the Act is designed to protect. Section 10-153c(b) allows only boards of education and bargaining units to petition for additional positions to be included in a bargaining unit. Therefore, when individuals who would otherwise be included in the administrators' unit are excluded by contract, they are left outside the protection of the Act and without means of petitioning the Commissioner.
The court finds that the decision of the Commissioner is supported by the evidence and the law. Therefore, in accordance with 4-183 (j), the Commissioner's decision is affirmed and plaintiff's appeal is dismissed.
MALONEY, J.